IN THE
**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

STEVEN C. CRABB,
     Plaintiff,

v.                            Case No. 4:24-cv-04088-JEH

MICHAEL LIN,
     Defendant.

**Order**

    Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville"), filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging that Defendant Dr. Michael Lin was deliberately indifferent to his gastrointestinal condition in violation of the Fourteenth Amendment. (Docs. 17 and 18). This matter is before the Court on Plaintiff's Motion (Doc. 50), Plaintiff's Objection to 7/21/2025 Text Order (Doc. 51), Plaintiff's Motion to Strike and Object Against Defendant's Responsive Pleading (Doc. 52), and Plaintiff's Motion to Request Counsel (Doc. 55). For the reasons stated below, Plaintiff's Objection and Motions are DENIED.

**I**

    On July 21, 2025, Plaintiff filed a pleading titled "Motion about relevancy: Resolved." (Doc. 50). Plaintiff states he had a telephone call with defense counsel on July 15, 2025, regarding his mental health records. Plaintiff also states that a CT scan performed on September 8, 2022, "verified a stricture that became '<u>severe</u>' and '<u>chronic</u>' diverticulitis disease." *Id.* at p. 2 (emphasis in original).

    On July 31, 2025, Plaintiff filed a pleading objecting to a Text Order the Court entered on July 21, 2025, addressing his Motion *in Limine* seeking to prevent

Defendant from using irrelevant information and denying Plaintiff's request to seal his mental health records. (Doc. 51; d/e 7/21/2025). Plaintiff "request[s] that the file be sealed for security purposes…." (Doc. 51 at p. 2).

On August 4, 2025, Defendant filed a Response stating that defense counsel discussed issues regarding relevancy with Plaintiff and the issues were resolved. (Doc. 53). Defendant asserts Plaintiff's Motion should be denied because it is unclear what relief he is seeking.

Plaintiff's Motion (Doc. 50) and Objection (Doc. 51) are vague and difficult to decipher. Plaintiff seeks to have his "file" sealed. It is unclear what information or documents Plaintiff requests to have sealed. The claims in this case relate to Plaintiff's medical treatment. As a result, Plaintiff has waived his right to privacy about his medical treatment. He has not presented any basis for sealing his medical file. If Plaintiff seeks to seal information about his criminal history or mental health records, it is not clear what Plaintiff is seeking to seal. Plaintiff's detention at Rushville is relevant because he must establish that he is eligible for filing a claim under § 1983. However, the details of his crime or why he is being detained are irrelevant at this time. Plaintiff's Motion (Doc. 50) and Objection (Doc. 51) are DENIED.

## II

On August 1, 2025, Plaintiff filed a Motion to Strike and Object Against Defendant's Responsive Pleading. (Doc. 52). Plaintiff asserts Defendant falsely pled that he did not have direct contact with Plaintiff about his condition. Plaintiff states he told Defendant that he had abdominal pain and ongoing constipation before Defendant conducted a CT scan. Plaintiff states that the CT scan showed evidence of inflammation in the sigmoid colon.

On August 4, 2025, Defendant filed a Response asserting that Plaintiff failed to identify what pleading the Court should strike. (Doc. 54). Defendant argues

Plaintiff may provide his own statements in discovery if he disagrees with Defendant's testimony.

It is unclear what relief Plaintiff is seeking in his Motion to Strike. Plaintiff did not identify what pleading the Court should strike. While Plaintiff may disagree with Defendant's arguments or position in this case, Plaintiff may present his own facts and supporting evidence by filing a motion for summary judgment or by responding to Defendant's summary judgment motion after the close of discovery. Plaintiff's Motion (Doc. 52) is DENIED.

### III

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 55). Plaintiff states he needs an attorney because he cannot get all the information Defendant requested from him, and he does not understand some of the questions Defendant asked. *Id.* at p. 1.

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Demonstrating a reasonable attempt to obtain counsel "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)).

Plaintiff has not demonstrated that he made a reasonable attempt to secure his own lawyer. This is Plaintiff's fourth Motion to Request Counsel. (Docs. 6, 16, and 21). The Court previously instructed Plaintiff to attach copies of letters he sent to or received from prospective counsel, list additional attorneys or law firms he contacted, and indicate whether he received a response. (Doc. 11 at p. 4; Doc. 18 at

3

p. 5; d/e 9/23/2024). In his most recent Motion, Plaintiff did not explain what efforts he made to find an attorney or attach any correspondence that he sent to or received from prospective counsel. (Doc. 55). Therefore, Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his motion, he MUST attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response. Alternatively, Plaintiff MUST explain if he has been effectively precluded from making a reasonable attempt to obtain counsel.

**IT IS THEREFORE ORDERED:**

**1)       Plaintiff's Motion [50], Objection to 7/21/2025 Text Order [51], Motion to Strike and Object Against Defendant's Responsive Pleading [52], and Motion to Request Counsel [55] are DENIED.**

*It is so ordered.*

Entered: August 5, 2025

s/Jonathan E. Hawley
U.S. District Judge

4